UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| OLIVIA SALVATIERRA, et al., § <br> § <br> *Plaintiffs*, § <br> § <br> v. § <br> § <br> AT&T SERVICES INC., et al., § <br> § <br> *Defendants*. § | Civil Action No. 3:19-CV-02624-X |

### MEMORANDUM OPINION AND ORDER

This case involves claims from two call center employees against their employer for alleged violations of the Fair Labor Standards Act (Count I) and the alleged breach of a collective bargaining agreement (Agreement) (Count II). Defendants AT&T Services, Inc. and Southwestern Bell Telephone LP moved to dismiss the claim for breach of the collective bargaining agreement, for lack of subject matter jurisdiction, and for failure to state a claim. [Doc. No. 6]. After careful consideration, and as explained below, the Court **GRANTS** the motion to dismiss for lack of subject matter jurisdiction and **DISMISSES** Count II of plaintiffs' complaint **WITHOUT PREJUDICE**. The Court also **DENIES** plaintiffs' request to replead and **DENIES** plaintiffs' request to stay the case.

I. Background

Plaintiffs Olivia Salvatierra and Jordan Enriquez worked for defendants as call-center employees during the three years prior to this lawsuit. Typically, they

1

worked forty hours per week, but they sometimes worked more.[1] The plaintiffs claim that the defendants failed to pay overtime for some of these extra hours.[2] On November 4, 2019, the plaintiffs filed a complaint in this Court alleging that the defendants' failure to pay overtime violated the Fair Labor Standards Act and breached the overtime provisions in the CBA between the parties [Doc. No. 1]. The defendants then moved to dismiss the plaintiffs' claim that they breached the Agreement for lack of subject matter jurisdiction and failure to state a claim [Doc. No. 6]. The Court now considers this motion.

## II. Legal Standard

A Rule 12(b)(1) motion to dismiss challenges a federal court's subject matter jurisdiction.[3] A federal court lacks subject matter jurisdiction when it lacks statutory or constitutional authority to adjudicate the claim.[4] When a Rule 12(b)(1) motion is filed with other Rule 12 motions, the Court should consider the "jurisdictional attack before addressing any attack on the merits."[5] And if both Rule 12 motions have merit, the Court should dismiss on the jurisdictional ground; this allows a plaintiff to pursue her claim in the proper court without danger of the claim being prematurely dismissed with prejudice by a court that lacks jurisdiction.[6]

---

[1] Complaint ¶¶7, 33.

[2] Complaint ¶¶90–93.

[3] *See* FED. R. CIV. P.12(b)(1).

[4] *Home Builders Ass'n of Miss. Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

[5] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[6] *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam).

When considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "all factual allegations in the complaint must be accepted as true."[7] "A court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."[8]

III. Analysis

The plaintiffs raise a breach of contract claim against the defendants for allegedly violating a collective bargaining agreement. As a threshold matter, the Court treats this breach of contract claim as a claim under Section 301 of the Labor Management Relations Act of 1947.[9] Defendants argue that plaintiffs must first exhaust the grievance and arbitration procedures in the collective bargaining agreement before bringing a Section 301 claim. Because plaintiffs have not attempted to exhaust these procedures, defendants contend that this Court lacks subject matter jurisdiction. The Court agrees.

A. Jurisdiction to Enforce Collective Bargaining Agreements

Courts have jurisdiction to enforce Collective Bargaining Agreements.[10] But where those agreements provide for grievance and arbitration procedures, they "must

---

[7] *Tovar v. U.S. Healthworks Concentra*, No. 3:19-CV-803-M-BK, 2020 WL 998804 (N.D. Tex. Feb. 28, 2020).

[8] *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001).

[9] "We do hold that when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim or dismissed as pre-empted by federal labor-contract law." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985). As plaintiffs acknowledge in their complaint that the Agreement was made pursuant to the Labor Management Relations Act, the Court will treat plaintiffs' breach of contract claim as a "§ 301 claim." *Id.*

[10] *Nat'l Football League Players Ass'n v. Nat'l Football League*, 874 F.3d 222, 226 (5th Cir.

first be exhausted and courts must order resort to the private settlement mechanisms without dealing with the merits of the dispute."[11] If, however, these procedures are not the "exclusive and final remedy for breach of contract claims, the employee may sue his employer in federal court under § 301."[12] In this Circuit, federal courts lack subject matter jurisdiction "to decide cases alleging violations of a collective bargaining agreement . . . by an employee against his employer unless the employee has exhausted contractual procedures for redress."[13] There are three exceptions to this exhaustion requirement:

> (1) the union wrongfully refuses to process the employee's grievance, thus violating its duty of fair representation; (2) the employer's conduct amounts to a repudiation of the remedial procedures specified in the contract; or (3) exhaustion of contractual remedies would be futile because the aggrieved employee would have to submit his claim to a group which is in large part chosen by the employer and union against whom his real complaint is made.[14]

In short, for this Court to have subject matter jurisdiction, the plaintiffs must plausibly show that they have (1) exhausted the procedures for redress in the Agreement; (2) that the procedures for redress in the Agreement are not final and exclusive; or (3) that one of the three exhaustion-requirement exceptions apply. The plaintiffs have failed to plausibly show any of the above.

---

2017).

[11] *Id.* (quotation marks omitted).

[12] *Daigle v. Gulf State Utils. Co.*, 794 F.2d 974, 977 (5th Cir. 1986).

[13] *Id.* (quoting *Meredith v. La. Fed'n of Teachers*, 209 F.3d 398, 402 (5th Cir. 2000)).

[14] *Id.* at 228 (quotation marks omitted)

The plaintiffs do not allege that they exhausted the procedures for redress provided in the Agreement or that one of the exhaustion-requirement exceptions applies. Instead, they argue that the procedures for redress in the Agreement are not final and exclusive. For the reasons set out below, the Court finds that the Agreement is final and exclusive. The Agreement therefore requires the plaintiffs to exhaust its procedures for redress before commencing this suit.

### B. Exclusive Remedy

The Agreement provides the following process to address grievances. Section 1 of Article XIX of the Agreement states:

> The Union shall be the exclusive representative of all the employees in the Bargaining Unit for the purposes of presenting to and discussing with the Company grievances of any and all such employees arising from such employment; subject always, however, to the provisions of this Agreement, the current Agreement of General Application between the Union and the Company and of any applicable law.[15]

This provision requires that Union be the exclusive representative of the employees (including the plaintiffs) when presenting and discussing grievances with the defendants. Section 2(a) of Article XIX outlines the formal grievance process, stating that any employee complaint "reduced to writing and delivered by a Union representative . . . within forty-five (45) days of the action complained of shall be considered and handled as a formal grievance."[16]

---

[15] Defendants' MTD Appendix at 111 [Doc. No. 8].

[16] *Id.*

Article XIX also provides an informal grievance process in Section 11, which states:

> Any complaint which is not delivered in writing by the Union as specified in Section 2. above, shall be handled by the Company as an informal complaint on an informal basis; provided, however, that nothing in this Article shall preclude the Union and the Company from using any other mutually satisfactory and proper method of presentation, discussion, and disposition of grievances.[17]

The plaintiffs do not allege that they even attempted to exhaust these redress procedures. Instead, they argue that they were not required to exhaust them because the Agreement was not an exclusive remedy. Their conclusion springs from the Agreement's inclusion of both formal and informal grievance procedures.

In their Response, the plaintiffs claim that the presence of both formal and informal grievance procedures is evidence that the Agreement is "couched in permissive terms" and that the parties "did not expressly agree that a formal grievance was the exclusive remedy . . . ."[18] The plaintiffs argue that this federal lawsuit was "anticipated and permitted by the [Agreement]," as an informal grievance "without any exhaustion or even the filing of any specific grievance procedure."[19]

The plaintiffs' theory misinterprets caselaw handed down by the Supreme Court. To determine whether a collective bargaining agreement is the final and exclusive remedy, the focus is not on whether the parties expressly agreed that it

---

[17] *Id.* at 114.
[18] [Doc. No. 12 at 2, 5].
[19] [Doc. No. 12 at 3].

6

*would* be exclusive but rather on whether the parties expressly agreed that it would *not* be exclusive. There are no "magic words" that make a collective bargaining agreement exclusive—it simply is unless expressly agreed not to be.[20] As the Supreme Court has spelled out,

> [u]se of the permissive "may" [to refer to a grievance procedure] does not of itself reveal a clear understanding between the contracting parties that individual employees, unlike either the union or the employer, are free to avoid the contract procedure and its time limitations in favor of a judicial suit. Any doubts must be resolved against such an interpretation."[21]

That is not the case here.

The plaintiffs argue that because the CBA contemplates multiple methods of resolution, it is therefore not an exclusive and final remedy. But the mere presence of the informal grievance process does not amount to an express agreement that the Agreement is a non-exclusive remedy, which is the standard required to avoid the exhaustion requirement.[22]

In arguing that the Agreement is a non-exclusive remedy, the plaintiffs rely a sentence of dicta in the Fifth Circuit case of *Daigle v. Gulf State Utilities Co., Local Union No. 2286*. Their reliance is misplaced. True, *Daigle* explains that an employee may sue his employer in federal court when "the collective bargaining agreement does not provide that the grievance and arbitration procedure is the exclusive and final

---

[20] *See Vaca v. Sipes*, 386 U.S. 171, 184 n.9 (1967) (explaining that a lawsuit will only be heard before an employee exhausts contractual redress procedures where "the parties do not intend [the collective bargaining agreement] to be an exclusive remedy . . . ").

[21] *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 658–59 (1965).

[22] *See Maddox*, 379 U.S. at 659 (explaining that the exhaustion requirement applies unless the parties "expressly agreed that arbitration was not the exclusive remedy").

remedy . . . ."²³ But *Daigle* cites the Supreme Court's decision in *Vaca v. Sipes* for this proposition; in *Vaca*, the Court noted that when "the parties do not intend" for the collective bargaining agreement to be an exclusive remedy, a suit for breach of contract may be heard when the procedures for redress have not been exhausted.²⁴ And other Supreme Court cases confirm the proposition from *Vaca* that an express statement is required for a collective bargaining agreement to not be the exclusive remedy.²⁵ If this Court encounters tension between one sentence of dicta from the Fifth Circuit and two or more holdings from the Supreme Court, it is obligated to follow the Supreme Court.

There are no facts showing that the parties "did not intend" for the Agreement to be the exclusive remedy.²⁶ Because the parties did not expressly agree that the Agreement was non-exclusive, it is the final and exclusive remedy. The language from *Daigle*, properly understood, allows for a federal suit where the Agreement does not provide an exclusive remedy; here, the Agreement *does* provide for an exclusive and final remedy because the parties did not expressly agree that the Agreement was non-exclusive. An individual federal suit, brought prior to exhausting the procedures for redress in the Agreement, is therefore outside the scope of this Court's subject matter jurisdiction.²⁷

---

²³ *Daigle*, 794 F.2d at 977.

²⁴ *Vaca*, 386 U.S. at 184 n.9.

²⁵ *See* 379 U.S. at 657–59.

²⁶ As explained above, the inclusion of both formal and informal resolution procedures does not amount to an "express agreement" that the CBA would not be an exclusive remedy.

²⁷ *See Nat'l Football League Players Ass'n*, 874 F.3d at 226 (explaining that courts must not deal with the merits of a dispute where the collective bargaining agreement is exclusive).

### C. Informal Grievance

Although the plaintiffs argue that this lawsuit may proceed as an informal grievance, the language of Section 11 indicates otherwise. Section 11 states that informal grievances "shall be handled by the Company as an informal complaint on an informal basis"—not a U.S. District Court.[28] And it also provides that "the Union and the Company" will not be precluded from using other mutually satisfactory methods to dispose of informal grievances—not an individual employee and the Company.[29] Far from contemplating lawsuits by employees in their individual capacities, the language of Section 11 suggests informal resolution of claims between the Union and the Company. This suit, therefore, may not proceed as an "informal grievance." And, regardless of the language in Section 11, it cannot proceed because plaintiffs have failed to exhaust their contractual remedies.

The requirement that the Union is the exclusive representative for employee grievances is not uncommon. It is the "preferred method for settling disputes" because it enables "the employer and the union . . . to establish a uniform and exclusive method for orderly settlement of employee grievances."[30] This longstanding practice, coupled with the plain meaning of the language in the CBA, demonstrates that prior to exhausting available procedures for redress, an employee may not sue in his individual capacity.

---

[28] Defendants' MTD Appendix at 114 [Doc. No. 8].

[29] *Id.*

[30] *Maddox*, 379 U.S. at 653.

IV. Other Issues

In their motion to dismiss, the defendants contend that the plaintiffs' breach of contract claim should be dismissed with prejudice because plaintiffs did not argue that they "remain within the 45 day period in which to pursue and exhaust the contractually required grievance process."[31] The language of Section 2(a) of the Agreement implies that grievances must be brought within 45 days to be handled as formal grievances; in Section 11, however, there is no language suggesting a time limit on bringing an informal grievance. Whether the plaintiffs may be able to satisfy the exhaustion requirement by bringing their claim as an informal grievance such that this Court would have subject matter jurisdiction is not a question which can be resolved at this time. Accordingly, Count II is dismissed without prejudice.

The plaintiffs ask this Court to allow them to replead Count II, or, alternatively, to stay the litigation while they exhaust their contractual remedies. The Court denies both these requests. Because plaintiffs have failed to exhaust their contractual remedies under the Agreement, amendment would be futile as it would not cure the jurisdictional deficiency.[32]

A stay would also be improper. Where a district court lacks jurisdiction, it is required to dismiss the suit.[33] Staying the case would also tend to increase the congestion in the district court system.

---

[31] Defendants' Reply at 8 [Doc. No. 15].

[32] *See Great Plains Trust Co. v. Morgan Stanley Deen Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (noting that courts need not allow amendment where "the defects are incurable").

[33] *See Gregory v. Mitchell*, 634 F.2d 199, 204 (5th Cir. 1981) (explaining that where a district court lacks jurisdiction, it is required to dismiss, not stay, the suit).

## V. Conclusion

This Court lacks subject matter jurisdiction with respect to the plaintiffs' breach of contract claim. This is because the plaintiffs failed to exhaust the contractual remedies provided in the Agreement prior to filing this lawsuit. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the plaintiffs' breach of contract claim (Count II).

**IT IS SO ORDERED** this 24th day of September 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE